Robert Wayne WILLIAMS,
Petitioner-Appellant,

v.

John T. KING, Secretary of the Depart-
ment of Corrections, and Ross Maggio,
Jr., Warden, Louisiana State Penitentia-
ry, Respondents-Appellees.

No. 83–3767.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1983.

Samuel S. Dalton, Jefferson, La., for peti-
tioner-appellant.

Ossie B. Brown, Dist. Atty., Parish of
East Baton Rouge, La., William J. Guste,
Atty. Gen., State of La., Baton Rouge, La.,
for respondents-appellees.

Before BROWN, REAVLEY and HIG-
GINBOTHAM, Circuit Judges.

BY THE COURT:

Williams seeks, in this successive writ pe-
tition a certificate of probable cause and
stay of execution. He claims he was denied
the right personally to decide whether to
testify at the guilt and sentencing phases of
trial and that his counsel was ineffective
both in appropriating his decision and in the
decision they made. We are to grant Wil-
liams' request if reasonable jurists would
differ as to his right to relief. Persuaded
that they would not, the application for
certificate of probable cause and stay of
execution are DENIED.

 Williams' present claim indisputably
abuses the Great Writ. Williams omitted
the present specification of ineffective as-
sistance of counsel from his two earlier
federal writs. Over one and a half years
ago this court sitting en banc examined
Williams' claims of ineffective trial counsel
and concluded that the claims were spuri-
ous. The only explanation for not asserting
this claim in either of his previous writs
where other claims of ineffective assistance
of counsel were made and rejected is that
*he* did not learn of the claim until Decem-

ber 5, 1983. This is not sufficient. Since his trial, Williams has been represented by at least two different sets of counsel whose competence he does not challenge. Certainly Williams and his competent counsel knew that Williams did not testify and Williams knew, according to his present claim, that he did not make the decision.

But the power invoked by the Great Writ is equitable. We would not find abuse if the asserted right were such that declining to reach it would be unjust. On the history of this case this we cannot say.

The Application for Certificate of Probable Cause and Stay of Execution Pending appeal is DENIED.